**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Charles M. Caldwell
United States Bankruptcy Judge

**Dated: January 28, 2015**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN          DIVISION

| | |
|---|---|
| In re: John Alan Romanyak | Case No.:  09-64931 |
|        Jerri Lynne Romanyak | |
| | Chapter: 13 |
|     Debtor(s) | |
| | Judge:  Charles M. Caldwell |

### Order Denying Motion/Application(DOC. NO. 110 )
### DUE TO NONCOMPLIANCE WITH CODE AND/OR RULES

The above-referenced Motion or Application (hereinafter, the "Motion" regardless of title) does not comply with the United States Bankruptcy Code and/or the Federal/Local Rules of Bankruptcy Procedure as noted below:

#### Pleading and Service Deficiencies

☐   The Motion is not accompanied by a certificate of service.  (LBR 9013-3(e) and 9013-1(a) require that a motion or application, except for an ex parte motion or application, or a motion or application which will be noticed by the clerk, shall be accompanied by a certificate of service.)

☒ The certificate of service does not show service upon the required parties, or reflects service upon an incorrect party, as indicated below. (LBR 9013-3(b) provides that unless the court orders otherwise or unless specifically limited or expanded by a Rule or Local Rule, every filing, application, motion, or other paper or document filed, other than a proof of claim, shall be served on the debtor, the debtor's case attorney, the trustee, the United States Trustee, each committee appointed pursuant to the Code or in a Chapter 11 case without a committee, the 20 largest unsecured creditors, upon any party directly affected by the relief sought, and upon any party who requests notice.)

☐ Debtor

☐ Joint Debtor

☐ Debtor's case attorney

☐ Trustee

☐ Incorrect Trustee

☐ United States Trustee

☐ Each committee appointed pursuant to the Code

☐ 20 largest unsecured creditors

☐ All creditors and parties in interest

☒ Parties directly affected   Brian Gianangeli, Esq.

☐ The certificate of service is unsigned. (LBR 9013-3(e) requires a certificate of service to be signed.)

☐ The certificate of service does not identify the filing or other paper served, or identifies the wrong paper. (LBR 9013-3(e)(1) requires a certificate of service to identify, with specificity, the filing or other paper served.)

☐ The certificate of service does not contain or refer to the mandatory notice in the form set forth in LBR 9013-1(a). (LBR 9013-3(e)(4) requires the certificate of service to contain or refer to an accompanying notice in the form set forth in LBR 9013-1(a).)

☐ The certificate of service is undated or states an incorrect date with respect to service by mail or means other than ECF. (LBR 9013-3(e)(2) requires a certificate of service to state the date of service.)

☐ The certificate of service does not state the method of service, or does not state the method of service with sufficient specificity, or does not state that the Motion was served. (LBR 9013-3(e)(2)and (e)(3) require a certificate of service to state the method of service, and if service is made through the Court's ECF system, the address shall be denoted as "served electronically through the Court's ECF system at the email address registered with the Court.")

☐ The certificate of service does not identify, both by name and address, each entity served, or the creditor matrix referenced in the certificate of service is not attached.  (LBR 9013-3(e)(3) requires a certificate of service to identify, by name and address, each entity served and if service is made through the Court's ECF system, the address shall be denoted as "served electronically through the Court's ECF system at the email address registered with the Court.")

☐ The certificate of service reflects that


was served at an address other than the address found on debtor(s)' petition or schedules, the notice address on the addressee's proof of claim, or an address on the addressee's  prior filing. (LBR 9013-3 (g) requires that if the address used for service of any filing, application, motion or other paper or document differs either from the address shown in the debtor's petition or schedules, the notice address on the addressee's proof of claim, or an address on the addressee's prior filing, if any, said difference must be explained.) Because of the discrepancies in addresses, the court is unable to determine if service of the motion is proper.

☐ The designation of service on the "Default List," "Default List Plus," "All Filing Parties," or "All Creditors and Parties in Interest" is to be used only in connection with the service of orders.  It is not applicable to the service of motions, applications or other documents filed. (See LBR 9072-1(d).)

☐ The electronic service date on the certificate of service does not correspond with the filing date of the document.  (See LBR 9013-3(e)(2).)

☐ The Motion is not accompanied by the mandatory notice of the right to object or respond, and the time within which to do so.  (LBR 9013-1(a) and 9013-3(e)(4) provide that a motion or application shall be accompanied by a mandatory notice that complies with Official Form 20A or the Sample 21 Day Notice found in LBR 9013-1(a).)

☐ The mandatory notice does not identify the correct filing served. (See Official Form 20A; LBR 9013-1 (a) and Sample 21 Day Notice.)

☐ The mandatory notice fails to identify the party seeking relief.  (See Official Form 20A; LBR 9013-1(a) and Sample 21 Day Notice.)

☐ The mandatory notice fails to reference the "21 day" response time for the Motion or an accurate response time. (See Official Form 20A; LBR 9013-1(a) and Sample 21 Day Notice.)

☐ The Motion is not accompanied by a memorandum in support.  (LBR 9013-1(a) requires the movant to include a supporting memorandum.)

**Other Issues**

☐

It is **ORDERED** that if (1) a filing deadline applies to the document that is the subject of this order, (2) the document was filed within that deadline, but such deadline had  expired on the date this order was entered or will expire within 10 days from the date of entry of this order and (3) the Federal Rules of Bankruptcy Procedure do not preclude an enlargement of the deadline for filing the document, then the party filing the document shall have 10 calendar days from the date of entry of this order to file a motion which corrects the deficiencies described above.  If the time period for filing the document has not already expired, but instead will expire on a date that is later than 10 days after the date of entry of the order, then the party will have until such date to file a motion which corrects the deficiencies.

The Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**


Copies To:
Default List


###